SEDGWICK, DETERT, MORAN & ARNOLD LLP
REBECCA A. HULL  Bar No. 99802
MICHAEL N. WESTHEIMER  Bar No. 178938
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
Kaiser Permanente Flexible Benefits Plan,
Metropolitan Life Insurance Company

STEVEN M. CHABRE  Bar No. 173271
THE LAW OFFICES OF STEVEN M. CHABRE
1335 Park Avenue
Alameda, California 94501
Telephone: (510) 749-1440
Facsimile: (510) 749-0466

Attorneys for Plaintiff
Laura Kondrick

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA KONDRICK,<br><br>Plaintiff,<br><br>v.<br><br>KAISER PERMANENTE FLEXIBLE BENEFITS PLAN and METROPOLITAN LIFE INSURANCE COMPANY,<br><br>Defendants. | CASE NO. C06-02781 MMC<br><br>**STIPULATION AND ORDER OF CONFIDENTIALITY**<br><br>JUDGE:    Hon. Maxine M. Chesney<br>CTRM:     7, 19th Floor |

WHEREAS, Plaintiff Laura Kondrick ("Kondrick") and Defendants Kaiser Permanente

Flexible Benefits Plan ("Plan") and Metropolitan Life Insurance Company ("MetLife")

(collectively, "the Parties") in the above-captioned action are presently engaged in discovery;

WHEREAS, Kondrick has sought the production of certain confidential and proprietary

1  internal claim procedures manuals, specifically MetLife's Claims Management Guidelines
2  ("CMG'), and MetLife has objected to production on those and other grounds;
3      WHEREAS, after engaging in a good faith effort to meet and confer the Parties wish to
4  resolve this issue informally without the need to engage in motion practice, and have agreed that
5  MetLife will produce those portions of the CMG relating to the issues asserted in Kondrick's
6  claim (subject to and without waiving MetLife's objection that such discovery is irrelevant and
7  not reasonably calculated to lead to discovery of admissible evidence) pursuant a protective
8  order, and submit the following Stipulation and [Proposed] Order of Confidentiality;
9      NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows:
10      1.    All documents or information produced by MetLife in the course of discovery in
11  this action that (a) are not generally publicly available and (b) are designated by the producing
12  party as "Confidential" shall be deemed "Confidential Information."
13      2.    Designation of any information as "Confidential" shall be made by stamping each
14  page comprising any such document, copy or excerpt thereof with the legend
15  "CONFIDENTIAL" or a substantially similar legend at the time of production.
16      3.    MetLife may designate internal procedures manuals and other internal documents
17  produced or information provided in this action for protection under this Stipulation and Order.
18  If Kondrick disagrees with the designation of any document or information as Confidential by
19  opposing counsel, the Parties will attempt to resolve the dispute in good faith on an informal
20  basis and, if they are unable to do so, may ask the Court to resolve the dispute.
21      4.    "Qualified Person" as used herein means: (i) members, employees, counsel, or co-
22  counsel of Steven M. Chabre, Esq., (ii) Laura Kondrick; (iii) any expert consulted by Kondrick
23  or Kondrick's attorneys in the preparation of this action for trial; and (iv) the Court.
24      5.    Confidential Information may only be disclosed to Qualified Persons and then
25  only to the extent counsel in good faith believes that such disclosure is reasonably necessary to
26  the prosecution or defense of this litigation.
27      6.    Each Qualified Person will maintain Confidential Information in confidence and
28  will not reveal it to anyone who is not a Qualified Person without the prior written consent of

opposing counsel or, in the absence of such consent, an Order of the Court authorizing such disclosure.

7.   Counsel for the Parties may, in the course of deposing a person[1] who is not a Qualified Person, show the witness Confidential Information and examine the witness concerning such information provided that (a) the witness has read this Stipulation and Order and agreed in writing to be bound by it; and (b) no persons are present during those portions of the examination concerning Confidential Information except the witness, Qualified Persons, MetLife's and Kondrick's counsel, persons present at the request of MetLife or Kondrick or their counsel, and a court reporter.

8.   The transcript of deposition testimony containing Confidential Information shall be bound separately, marked by the court reporter "Confidential" and treated as Confidential Information subject to the terms of this Stipulation and Order.

9.   If either party wishes to use Confidential Information during any motion or at trial of this action, the Parties will, in advance, confer in good faith to agree upon a method to protect such Confidential Information, either party may apply to the Court for a mechanism to maintain the confidentiality of discovery material designated as Confidential Information.

10.   The disclosure of Confidential Information to a Qualified Person without designating it as Confidential shall not constitute a waiver of the producing party's right to designate such information as Confidential at a later time and, if so designated, the information shall thenceforth be treated as Confidential subject to all terms of this Stipulation and Order.

11.   All documents filed with the Court that are designated Confidential or contain Confidential Information shall be filed under seal and kept under seal until further order of the Court. Where possible, only Confidential portions of filings with the Court shall be filed under seal.

12.   At the conclusion of this lawsuit (including appeals, if any), all Confidential

---

[1] The Parties acknowledge that the Court has not authorized Kondrick to take any depositions, and Kondrick has not noticed any depositions or sought the Court's authorization to take any depositions. Paragraphs 7 and 8 are intended to cover any contingencies.

1  Information in the possession of any Qualified Person or any other person who has received such
2  information pursuant to this Stipulation and Order, together with all copies, extracts and
3  summaries thereof, shall be returned to the party that produced it or destroyed.  If a party decides
4  to destroy Confidential Information rather than returning it, that party must submit, within ten
5  (10) days after all proceedings in this case are concluded, an affidavit stating that all
6  Confidential Information in its possession, custody or control has been destroyed.  No
7  Confidential Information may be used in any other judicial or other proceeding or for any other
8  purpose, except (i) where required by legal process or by law for lawful purposes, or (ii) upon
9  consent of the Parties.

10         13.    This Stipulation and Order may be modified by a Stipulation so ordered by the
11  Court or, if the Parties are unable to agree, by the Court on the application of a party. This
12  Stipulation and Order shall be binding on all Qualified Persons and all other persons having
13  knowledge of its terms and any violation thereof may be punishable by contempt.

14  DATED:  November 22, 2006         THE LAW OFFICES OF STEVEN M. CHABRE

15                                    By__/s/_____
16                                        Steven M. Chabre
                                          Attorney for Plaintiff,    Laura Kondrick
17

18  DATED:  November 22, 2006         SEDGWICK, DETERT, MORAN & ARNOLD LLP
19
20                                    By __/s/_____
                                          Rebecca A. Hull
21                                        Michael N. Westheimer
                                          Attorneys for Defendants, Kaiser Permanente
22                                        Flexible Benefits Plan and Metropolitan Life
                                          Insurance Company
23

24  IT IS SO ORDERED, with the exception that no party may file any document under seal unless
25  that party obtains a sealing order pursuant to Civil Local Rule 79-5.
26  Dated:  November 29, 2006
                                          _____
27                                        Honorable Maxine M. Chesney
                                          United States District Judge
28